Case 5:21-cv-00925-DOC-MAA    Document 1    Filed 05/28/21    Page 1 of 11    Page ID #:1
RELATED DDJ

FILED
CLERK, U.S. DISTRICT COURT
05/28/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

I/S

TOYIN DAWODU
P.O. Box 55430
Riverside, CA 92517
951-750-8429
toyin@capvestgroup.com

Plaintiff In Pro Per

FEE PAID

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

TOYIN DAWODU, an individual

    Plaintiff,

vs.

STATE OF CALIFORNIA, a public entity, COUNTY OF RIVERSIDE, a public entity, SUPERIOR COURT COUNTY OF RIVERSIDE, a public entity and DOES 1 through 50

    Defendant(s)

Case No.: No. 5:21-cv-00925-DOC(MAA)

COMPLAINT
Causes of Action:

1. Violation of Civil Rights
2. Government Liability for Failure to Perform Mandatory Duty. Government Code Section 815.6.
3. Intentional Infliction of Emotion Distress
4. Negligent Interference With Prospective Economic Relations

Comes now Plaintiff, TOYIN DAWODU ("DAWODU" and/or "Plaintiff"), who alleges against Defendants, STATE OF CALIFORNIA ("CALIFORNIA"), COUNTY OF RIVERSIDE ("COUNTY") SUPERIOR COURT, COUNTY OF RIVERSIDE and/or collectively "Defendants" as follows:

## PARTIES

1. TOYIN DAWODU ("DAWODU" and/or "Plaintiff"), is an individual residing in Riverside County State of California.

Complaint - 1

2. Defendant STATE OF CALIFORNIA, (hereinafter referred to as "CALIFORNIA" and/or "Defendant") is the State that governs the County of Riverside and creates the regulations and gives instructions to the COUNTY buildings. Defendant COUNTY OF RIVERSIDE, (hereinafter referred to as "COUNTY" and/or "Defendant") is in the County where currently the Superior Court of Riverside is located and is the subject of this matter. Superior Court, County of Riverside, (hereinafter referred to as "SUPERIOR COURT" and/or "Defendant") is the Court system charged with providing peaceful way for citizens to decide private and or business disputes that people can't resolve themselves, wherein this subject matter is located and where the Superior Court of Riverside of located. All of the above named Defendants are collectively known as "Defendants" in their official capacity..

3. The Superior Court of Riverside hereinafter referred to as the "Court" is located at 4050 Main Street, Riverside, California in the County of Riverside, in the City if Riverside, California.

## JURISDICTION AND VENUE

4. The court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1392(6).

## GENERAL ALLEGATIONS

5. DAWODU is informed and believes and upon such information and belief thereon alleges that the true names and capacities of the DEFENDANTS named herein as DOES 1 through 50, inclusive, are unknown to DAWODU, who therefore sues said DEFENDANTS by such fictitious names. DAWODU will amend their Complaint to show their true names and capacities when same have been ascertained.

6. DAWODU is informed and believes and upon such information and belief thereon alleges that each of the DEFENDANTS designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and occurrences as set forth herein, and thereby proximately caused the injuries and damages to DAWODU as hereinafter set forth.

7. DAWODU is informed and believes and upon such information and belief thereon alleges that at all times herein mentioned, DEFENDANTS, and each of them, including DOES 1 through 50. inclusive, and each of them, were the agents, servants, employees, affiliate, representatives, alter ego, subsidiaries, partners, successors in interest and/or joint venturers of their co-DEFENDANTS and were, as such, acting within the course, scope and authority of said agency, employment, successorship in interest and/or joint venture, and that each and every DEFENDANTS, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other DEFENDANTS as an agent, employee, successor in interest and/or joint venturer.

8. When the Corona Virus ("Covid") originally became a pandemic in 2020, CALIFORNIA asked their COUNTY(S) and CITY(S) to limit the personal interaction in their businesses and facilities. The COUNTY of Riverside and the Superior Court of Riverside County decided to adjust their hours of operation of their Courts as they felt needed.

9. Originally, they allowed limited in person court filings but they continued to allow electronic filings. The electronic filings were processed by court employees and did not require any personal interaction. However, they failed to process the electronic filings in a timely manner blaming it on Covid. Even when the Court was physically closed, the employees of the Court could still process filings. As a matter of fact, since there was much less customer interaction, at all at times, the COUNTY and the Superior Court should have been processing the filings more rapidly. Instead, there has been a big back log and this back log is costing the

Plaintiff a lot of loss revenue because he cannot file Unlawful Detainers, or resolve other civil disputes through the court system.

10. The Plaintiff owns a number of real estate properties and due to the onset of Covid, the Plaintiffs tenants are using Covis as an excuse not to pay the rent. However, many of these tenants can legitimately be evicted for non-Covid reasons. The Defendants and each of them, have hindered the execution of theses unlawful detainer by limiting the hours of the courthouse or making the courthouse unavailable for filings. The failure to open the courtroom for citizens to properly file their cases has caused the Plaintiff a great deal of loss of income, pain, stress and anxiety.

11. Additionally, the Plaintiff has had multiple opportunities to sell some of the properties but he cannot do so while tenants are still occupying the properties. Once again, this causes the Plaintiff a loss of profits and income.

12. Despite the fact that the tenants do not pay their rent, the Plaintiff is still incurring expenses such as mortgage payments, insurance and other property related expenses. Defendants have had the courts closed or limited public access for over one year. Plaintiff is unable to walk into the court and file simple complaints. This is causing pain to plaintiff and ruining his ability to earn a living. Forcing Plaintiff to interact with the court system through the telephone and or online is not efficient. Many times Plaintiff is forced to stay on line for two hours just to find out if the case he submitted electronically had been filed. In most cases, it takes the court system three to four weeks and sometime months to inform plaintiff of any mistakes in the paperwork. Most times over the last one year, it takes over two months to simply file or have a complaint registered in the court house.

13. Plaintiff owns several properties, but is unable to go to court and file the proper paperwork to evict non paying tenants. When plaintiff submits his paperwork electronically, such paperwork if not filled out correctly is usually returned to plaintiff after more than thirty (30)

days and in some cases over sixty days. As a result, Plaintiff's life is put on hold and Plaintiff is forced to refill and refill the same complaints over and over for as long as six (6) months.

14. If the court counters are open, Plaintiff will know immediately upon presenting the paperwork to the clerk if the complaint has errors.

15. A local government entity such as Riverside County (COUNTY) including a county department, such as the Riverside County Superior Court ("RCSC"), "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." See *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

16. In this matter, the Plaintiff has not named any of the RCSC's employees specifically, only the COUNTY, and the Superior Court whereby allowing the Defendants to be liable. The Supreme Court has held that an "official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (as amended). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166 (emphasis in original). For purposes of plaintiff's federal civil rights claims, that entity is the County of Riverside ("COUNTY").

17. Therefore, the plaintiff would like the court to order the defendants to immediately open their doors to the general public in addition to their electronic filing.

### FIRST CAUSE OF ACTION
VIOLATION OF CIVIL RIGHTS
(Against all Defendants)

18. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 17, inclusive, of this Complaint as though each allegation was set forth at length herein.

19. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." (*Monell v. Dept. of Social Services of New York* (1978) 436 U.S. 658, 694 [98 S.Ct. 2018, 56 L.Ed.2d 611].)

20. Local governmental entities " 'can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted. . . .' " Local governmental entities also can be sued " 'for constitutional deprivations visited pursuant to governmental "custom." ' " In addition, " '[t]he plaintiff must . . . demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1147 [119 Cal.Rptr.2d 709, 45 P.3d 1171], internal citations omitted.

21. Here it is clear that the Defendant, and each of them, held no regard for the economic consequence the Plaintiff or anyone else that needed the civil justice system to come to their aide. The Plaintiff was deprived of his civil right to exercise his right to protect his business and property that was being unlawfully occupied by these tenants and he could not file a lawsuit against them to protect his property due to the intentional actions of the Defendants.

22. "Under Monell, (*Monell v. Dept. of Social Services of New York* (1978) 436 U.S. 658, 694 [98 S.Ct. 2018, 56 L.Ed.2d 611].) a local government body can be held liable under § 1983 for policies of inaction as well as policies of action. A policy of action is one in which the

government body itself violates someone's constitutional rights, or instructs its employees to do so; a policy of inaction is based on a government body's 'failure to implement procedural safeguards to prevent constitutional violations.' " (*Jackson v. Barnes* (9th Cir. 2014) 749 F.3d 755, 763], internal citations omitted.)

## SECOND CAUSE OF ACTION
GOVERNMENT LIABILITY FOR FAILURE TO PERFORM MANDATORY DUTY.
Government Code Section 815.6.
(Against All Defendants)

23. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 22, inclusive, of this Complaint as though each allegation was set forth at length herein.

24. " 'Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.' (Gov. Code, § 815.6.)

25. Thus, the government may be liable when (1) a mandatory duty is imposed by enactment, (2) the duty was designed to protect against the kind of injury allegedly suffered, and (3) breach of the duty proximately caused injury." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 348 [188 Cal.Rptr.3d 309, 349 P.3d 1013].

26. The Defendants and each of them, had a duty to keep the Plaintiff and the rest of the citizen of CALIFORNIA protected from economic damage and loss of income at the hands of the government.

27. By closing the courts to protect the spread of Covid, the Defendants violated the Plaintiff's civil rights to proceed with their business and maintain an income.

## THIRD CAUSE OF ACTION
Intentional Infliction of Emotional Distress
(Against All Defendants)

28. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 27, inclusive, of this Complaint as though each allegation was set forth at length herein.

29. "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendants with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" (Hughes v. Pair (2009) 46 Cal.4th 1035, 1050–1051 [95 Cal.Rptr.3d 636, 209 P.3d 963])

30. The Plaintiff has had to bear the cost of the mortgage of the subject property as well as the associated costs including the Home Owners' Association fees without the aid of the rental income from the Defendants. Additionally, the Plaintiff has had numerous offers to purchase the subject property but could not do so with the Defendants still occupying the property. This has caused the Plaintiff a great deal of stress, anxiety and emotional distress. The Plaintiff has lost sleep and has experienced physical stress as well.

31. "Where reckless disregard of the plaintiff's interests is the theory of recovery, the presence of the plaintiff at the time the outrageous conduct occurs is recognized as the element establishing a higher degree of culpability which, in turn, justifies recovery of greater damages by a broader group of plaintiffs than allowed on a negligent infliction of emotional distress theory." (Christensen, supra, 54 Cal.3d at pp. 905–906, internal citations omitted.)

## FOURTH CAUSE OF ACTION
Negligent Interference With Prospective Economic Relations

(Against All Defendants)

32. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 31, inclusive, of this Complaint as though each allegation was set forth at length herein.

33. " 'The tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care.' " (*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 348 [60 Cal.Rptr.2d 539], original italics, internal citation omitted.) "Where a special relationship exists between the parties, a plaintiff may recover for loss of expected economic advantage through the negligent performance of a contract although the parties were not in contractual privity." (*J'Aire Corp. v. Gregory* (1979) 24 Cal.3d 799, 804 [157 Cal.Rptr. 407, 598 P.2d 60].)

34. The trial court should instruct the jury on the "independently wrongful" element of the tort of negligent interference with prospective economic advantage. (*National Medical Transportation Network v. Deloitte & Touche* (1998) 62 Cal.App.4th 412, 440 [72 Cal.Rptr.2d 720].)

35. "The five elements for intentional interference with prospective economic advantage are: (1) [a]n economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." (*Youst v. Longo* (1987) 43 Cal.3d 64, 71, fn. 6 [233 Cal.Rptr. 294, 729 P.2d 728].) The Plaintiff has clearly met these elements due to the Defendants disregard to the economic harm it caused not only the Plaintiff, but other citizens as well as limiting, if not denying their right to sue.

36. "The tort of interference with prospective economic advantage protects the same interest in stable economic relationships as does the tort of interference with contract, though interference with prospective advantage does not require proof of a legally binding contract. The chief practical distinction between interference with contract and interference with prospective economic advantage is that a broader range of privilege to interfere is recognized when the relationship or economic advantage interfered with is only prospective." (Pacific Gas & Electric Co. v. Bear Stearns & Co. (1990) 50 Cal.3d 1118, 1126 [270 Cal.Rptr. 1, 791 P.2d 587], internal citations omitted.)

37. Here again, the Plaintiff states that the Defendants caused the Plaintiff loss in income not only by not being able to get his rent but the Plaintiff had several offers to purchase the property but could not do so while the Defendants failed to open the court. Plaintiff could not show his property of effect any needed repairs caused by the occupants that were aided and abetted by the Defendant's failure to open the court house.

WHEREFORE, Plaintiff, TOYIN DAWODU, an individual, prays for judgment against DEFENDANTS, and each of them; and DOES 1 through 50, Inclusive, as follows:

    1. For damages in such an amount as to be proven at the time of trial;

    2. For reasonable attorney's fees;

    4. For cost of suit;

    5. For punitive and exemplary damages;

    6. For statutory damages, penalties, and remedies;

    7. For an Order opening the Riverside Superior Court counter fully and allowing the public full access; and

    7. For such other and further relief as the court may deem proper.

Dated __5/27/21__

                                                TOYIN DAWODU, Plaintiff In Pro Per

P.O. Box 55430
Riverside, CA 92517
951-750-8429